# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 2402003067
)
MASHAWN LEWIS, )
)
Defendant. )

Submitted: June 24, 2025
Decided:  June 27, 2025

*Upon the State of Delaware's Request to Sentence Defendant Pursuant to 11 Del. C. § 1448(e)(1)(b)*
**GRANTED.**

## ORDER

Stephen McCloskey, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State of Delaware.

John S. Edinger, Esquire, Assistant Public Defender, OFFICE OF DEFENSE SERVICES, PUBLIC DEFENDER'S OFFICE, 820 North French Street, Wilmington, DE 19801, Attorney for Defendant Mashawn Lewis.

**WHARTON, J.**

Upon consideration of the State's request to sentence Defendant Mashawn Lewis("Lewis") pursuant to 11 *Del. C.* § 1448(e)(1)(b), Lewis' opposition and the record in this case, it appears to the Court that:

1.	Lewis was found guilty by a jury of a single count of Possession of a Firearm by a Person Prohibited ("PFBPP"). After trial, this Court determined that his bail must be revoked pursuant to 11 *Del. C.* § 2104(f)(1)(b)[1] because he was subject to an enhanced minimum mandatory sentence pursuant to 11 *Del. C.* § 1448(e)(1)(a) due to his prior conviction of Carrying a Concealed Deadly Weapon - Firearm ("CCDW").[2] The Court rejected Lewis' argument that under *Erlinger v. United States*[3] an enhancement based on a prior conviction is a fact that must be proven to a jury's satisfaction beyond a reasonable doubt.[4] The Court held that *Almendarez-Torres v. United States,*[5] an exception to the general rule and left untouched by *Erlinger*, allowed the Court to find the fact of his prior conviction.[6] But, that was all the Court decided.

2.	The Court left open the question of whether the three-year minimum mandatory sentence of § 1448(e)(1)(a)[7] or the five-year minimum mandatory

---

[1] *State v. Lewis,* 2025 WL 1531489 (Del. Super. Ct. May 29, 2025).
[2] *See,* 11 *Del. C.* §§ 1448(e)(1)(a) and (b).
[3] 602 U.S. 821 (2024).
[4] *State v. Lewis,* at *3.
[5] 523 U.S. 224 (1998).
[6] *State v. Lewis*, at *1.
[7] "Three years at Level V if the person has previously been convicted of a violent felony." 11 *Del. C.* § 1448(e)(1)(a).

2

sentence of § 1448(e)(1)(b) applied.[8] It directed the State to advise the Court under which provision of § 1448(e)(1) it sought to have Lewis sentenced. The State informed the Court that it seeks the five-year minimum mandatory sentence under § 1448(e)(1)(b). The Court now addresses the question it previously left open.

3. By way of background, Lewis was indicted on three counts – PFBPP, Possession of Ammunition by a Person Prohibited ("PABPP") and Receiving a Stolen Firearm. At the pre-trial conference on April 24, 2025, the State advised the Court that it would be entering a *nolle prosequi* on the Receiving a Stolen Firearm charge. The Court was advised further that the parties anticipated entering into a stipulation regarding Lewis' status as a prohibited person. At trial, the parties did stipulate that Lewis was prohibited by law from possessing a firearm and ammunition. At the end of the trial, the jury found Lewis guilty of the PFBPP charge but not guilty of the PABPP charge. The Court ordered a pre-sentence investigation.

---

[8] *State v. Lewis*, at *3. Sec. 1448(e)(1)(b) provides:

> Notwithstanding any provision of this section or Code to the contrary, any person who is a prohibited as described in this section and who knowingly possesses, purchases, owns, or controls a firearm, projectile weapon, or destructive weapon while so prohibited shall receive a minimum sentence of…
>
> b. Five years at Level V, if the person does so within 10 years of the date of conviction for any violent felony or the date of termination of all periods of incarceration or confinement imposed pursuant to said conviction.

4.     After the verdicts were returned, the Court asked if there were any applications. Neither party made any. Later, the State called chambers asking about a bail revocation. The Court held a teleconference on May 5th. At that teleconference, the State asked that Lewis' bail be revoked. Lewis opposed that request. The Court ordered the parties to submit letter memoranda, the last of which was filed on May 22nd. The Court decided that issue on May 29th and revoked Lewis' bail.[9]

5.     Lewis allows that a sentencing court may make a determination of what crime and with what elements the defendant was convicted of. But, he contends that is the limit of what a sentencing court can do. Were the Court to go beyond finding the fact of conviction to finding that it occurred within 10 years so as to impose the five year minimum mandatory sentence required by § 1448(e)(1)(b), such finding would contravene *Erlinger*.[10]

6.     The State, on the other hand, denies that any such fact finding is required based on court documents already reviewed by the court to determine the fact of Lewis' conviction. Those documents show that he was convicted on December 12, 2022, well within the last 10 years.

7.     *Erlinger* involved the application of the federal Armed Career Criminal Act ("ACCA"). ACCA provides:

---

[9] *Id.*
[10] *Id.* at 5-6.

In the case of a person who violates section 922(g) of this title and has tree previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than 15 years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to such person with respect to the conviction under section 922(g).[11]

In *Erlinger,* the parties disputed whether Erlinger's prior crimes had occurred "on occasions different from one another."[12] Erlinger contended whether his prior crimes occurred on distinct occasions or in a single criminal episode was a factual determination to be made by a jury.[13] The Supreme Court agreed, holding that determination is a "'fact laden task'" which must be undertaken by a jury.[14]

8.  *Erlinger* had this to say about the scope of what a Court may consider consistent with *Almendarez-Torres*:

To conduct the narrow inquiry *Almendarez-Torres* authorizes, a court may need to know the jurisdiction in which the defendant's crime occurred and its date in order to ascertain what legal elements the government had to prove to secure a conviction in that place at that time. And to answer those questions, a sentencing court may sometimes consult "a restricted set of materials," often called *Shepard* documents, that include judicial records, plea agreements, and colloquies between a judge and the defendant. *Descamps,* 570 U.S., at 262, 133 S.Ct. 2276; see *Sheppard,* 544 U.S., at 20-21,

---

[11] 18 U.S.C. § 924(e)(1).

[12] State's Op. Mem. at 2, D.I. 56.

[13] *Id.*

[14] *Id.* (quoting *Erlinger,* 602 U.S. at 834.)

26, 125 S.Ct. 1254; Taylor v. *United States,* 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

None of that, however, means that a court may use *Shepard* documents or any other materials for any other purpose. To ensure compliance with the Fifth and Sixth Amendments, a sentencing judge may use the information he gleans from *Shepard* documents for the "limited function" of determining the fact of a prior conviction and the then-existing elements of that offense. *Descamps,* 570 U.S., at 260, 133 S.Ct. 2276. [N]o more" is allowed. *Mathis,* 579 U.S., at 511, 136 S.Ct. 2243. In particular, a judge may not use information in *Shepard* documents to decide "what the defendant ... actually d[id]," or the "means" or "manner" in which he committed his offense in order to increase the punishment to which he might be exposed. 579 U.S., at 504, 510-511, 136 S.Ct. 2243; see *Descamps,* 570 U.S., at 269, 133 S.Ct. 2276. To sanction that practice would be to allow a sentencing court to do exactly what the Fifth and Sixth Amendments forbid. *Ibid.*

The sentencing court in this case disregarded these constraints. To determine what legal elements attached to Mr. Erlinger's decades-old offenses, the court might have needed to consult *Shepard* documents to ascertain the jurisdiction in which they occurred and the date on which they happened. But the court had no need or authority "to go any further," *Mathis,* 579 U.S,, at 511, 136 S.Ct. 2243, and assume for itself the responsibility of deciding whether Mr. Erlinger's past offenses differed enough in time, location, character, and purpose to have transpired on different occasions. Let alone undertake that inquiry all with an eye toward increasing his punishment. The Fifth and Sixth Amendments "contemplat[e] that a jury—not a sentencing court—will find such facts, unanimously and beyond a reasonable doubt." *Descamps,* 570 U.S., at 269, 133 S.Ct. 2276.[15]

---

[15] *Erlinger,* 602 U.S., at 839-40.

9. Applying the above instructions, it is clear that, consistent with *Almendarez-Torres* and *Erlinger*, this Court may look to the date of Lewis' conviction. But, here it is not necessary to do even that. All the Court need do is look to the indictment that contained the charge for which he was convicted. The indictment alleges Lewis committed the crime of CCDW on or about February 3, 2022.[16] Obviously, if Lewis committed the crime within 10 years, he was convicted of that crime within 10 years also. In looking at the indictment to determine whether Lewis qualifies for sentencing under 11 *Del. C.* § 1448(e)(1)(b), the Court has not engaged in any factfinding resembling the "occasions" determination that *Erlinger* requires be made by a jury. Nor, has it strayed beyond the very document that contains the elements of the offense.[17]

THEREFORE, for the reasons set forth above, the State's request to sentence Lewis pursuant to 11 Del. C. § 1448(e)(1)(b) is **GRANTED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[16] *See* State's letter dated May 21, 2025, at Ex. A, D.I. 59.
[17] A different result might obtain if the Court were required to determine if a defendant's conviction under 11 *Del. C.*§ 1448 occurred within 10 years of the "date of termination of all periods of incarceration or confinement imposed pursuant to said conviction" under § 1448(e)(1)(b).